IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LESLY GATHERIGHT                                                                     PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:16-cv-00003-GHD-RP

HALEY BARBOUR, JIM HOOD,
BEN CREEKMORE, LON STALLINGS,
HONEY USSERY, MICKEY MALLETTE,
CALHOUN COUNTY MISSISSIPPI'S
SHERIFF'S OFFICE, DEWAYNE
WINTER, and TRACY McGUIRT                                                        DEFENDANTS

## MEMORANDUM OPINION GRANTING MOTIONS TO DISMISS ALL CLAIMS AGAINST DEFENDANTS HALEY BARBOUR, JIM HOOD, BEN CREEKMORE, LON STALLINGS, HONEY USSERY, AND MICKEY MALLETTE

Presently before the Court in this matter brought by *pro se* Plaintiff Lesly Gatheright ("Plaintiff") are motions to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure filed by Defendant Haley Barbour [14 & 16]; Defendant Jim Hood [18 & 20]; and Defendants Ben Creekmore, Mickey Mallette, Lon Stallings, and Honey Ussery [22 & 24].[1] Upon due consideration, the Court finds that the motions should be granted and the claims dismissed against these Defendants, for the reasons stated below.

### I. *Factual and Procedural Background*

On January 5, 2016, Plaintiff, proceeding *pro se*, initiated this action against Defendants Haley Barbour ("Defendant Barbour"), Jim Hood ("Defendant Hood"), Ben Creekmore ("Defendant Creekmore"), Lon Stallings ("Defendant Stallings"), Honey Ussery ("Defendant Ussery"), Mickey Mallette ("Defendant Mallette"), the Calhoun County Sheriff's Office, Dewayne Winter, and Tracy McGuirt. The case *sub judice* is related to an earlier case filed by

---

[1] Also pending is a motion for summary judgment [30] filed by Defendants the Calhoun County Mississippi Sheriff's Office, Tracy McGuirt, and Dewayne Winter. That motion shall be ruled on at a later date.

1

Plaintiff on November 28, 2012 and styled *Lesly Gatheright v. Norman Clark et al.*, 3:12-cv-001111-SA-SAA, which was dismissed on summary judgment grounds on March 31, 2016.[2]

Plaintiff alleges that "[o]n or about August 27, 2007, [he] purchased a load of sweet potatoes from Mr. [Norman] Clark" and on the same date left a check post-dated for September 11, 2007 in payment in the amount of $8,280. *See* Pl.'s Compl. [1] ¶ 7. Plaintiff further alleges that the August shipment of sweet potatoes was rejected by one of Plaintiff's customers "because the sweet potatoes were unwholesome and decaying." *Id.* ¶ 9. Plaintiff avers that "on or about April 28, 2008, despite the fact that under Mississippi law the issuance of a post-dated check that is later returned for insufficient funds is not a prosecutable offense," Mr. Clark and the Defendants in the case *sub judice*, including Barbour, "acted together within their respective official capacities . . . to maliciously[,] invidiously[,] intentionally[,] and without just cause, initiate a criminal action against Plaintiff under Miss[issippi] Code Ann[otated] § 97-19-55, by aiding and guiding Mr. Clark to swear to a false Bad Check Affidavit in the Justice Court of Calhoun County, Mississippi . . . ." *Id.* ¶ 10.[3]

Plaintiff alleges that while he was in Chicago, Illinois for business purposes he was arrested on a Governor's Warrant from the State of Mississippi, and was incarcerated without bond in Chicago for approximately six weeks "for the false and malicious charge that Mr. Clark brought against Plaintiff" with the help of the Defendants in this case. *Id.* ¶ 12. Plaintiff

---

[2] In that case, Chief United States District Court Judge Sharion Aycock denied Plaintiff's motion to amend his complaint and join nineteen additional defendants, including the following defendants in the case *sub judice*: Haley Barbour, Lon Stallings, Jim Hood, Honey Ussery, the Calhoun County, Mississippi's Sheriff's Office, and Dewayne Winter.

[3] In the Bad Check Affidavit, which Plaintiff attaches to his complaint, Mr. Clark swore that Plaintiff "willfully and unlawfully and feloniously, with intent to defraud[,]" issued a delivered a check unto NAC Farms, Inc. on September 11, 2007 in the amount of $8,280 for sweet potatoes, when Plaintiff had insufficient funds in his bank account. See Bad Check Aff. [1-1] at 1. However, Plaintiff alleges that this information was false, as the post-dated check was issued and delivered on August 27, 2007—prior to the date listed on the check of September 11, 2007.

maintains that during his incarceration he experienced "physical illness, extreme hypertension, and mental anguish" and that he "lost his liberty, livelihood[,] and ability to work and earn a living" and "suffered great embarrassment and loss of reputation." *Id.* ¶ 13. Plaintiff further maintains that he "lost approximately $100,000 worth of his business's inventory, which was either stolen, destroyed, or otherwise taken from Plaintiff" during his incarceration. *Id.* Plaintiff avers that he had "to employ legal counsel in Illinois to guide him through the extradition process." *Id.* ¶ 14. He further avers that he was transferred to be incarcerated in Mississippi with bond and was able to post bond after spending five days in jail. Plaintiff alleges that he was indicted on or about May 14, 2009 on two counts of False Pretenses in violation of Mississippi Code Annotated §§ 97-19-55 and 97-19-67 in the Circuit Court of Calhoun County, Mississippi, apparently one count for each of two checks that were post-dated to Mr. Clark for sweet potatoes. Count I was dismissed in November of 2011 in Plaintiff's favor, as indicated in the Circuit Court of Calhoun County's Order of Dismissal [1-8]. Count 2 was later dismissed on January 6, 2015, as indicated in the Circuit Court of Calhoun County's Order granting the motion to dismiss [1-9].

In the case *sub judice*, Plaintiff asserts the following claims against the Defendants collectively: malicious prosecution, false arrest and imprisonment, abuse of process, and intentional infliction of emotional distress. Plaintiff additionally asserts the following claims against Defendants Barbour, Hood, Creekmore, Stallings, Ussery, and Mallette: Fourth Amendment violation and actual malice in law. Finally, Plaintiff asserts the following claims: a Freedom of Information Act ("FOIA") violation against Defendants Barbour and Hood; a claim against Defendant Barbour for complicity and conspiracy under 18 U.S.C. § 3182; a claim against Defendant Hood for failure to properly supervise Defendant Creekmore, as district

3

attorney, and Defendants Stallings, Ussery, and Mallette, as assistant district attorneys; and a claim against Defendant Creekmore for failure to properly supervise Defendants Stallings, Ussery, and Mallette, as assistant district attorneys.[4]

On March 8, 2016, the present motions to dismiss were filed by Defendants Barbour [14 & 16]; Hood [18 & 20]; as well as Creekmore, Mallette, Stallings, and Ussery, collectively [22 & 24]. Plaintiff has not filed a response to any of these motions, and the time for doing so has now passed. These matters are ripe for review.

## II. Rule 12(b)(1) and (b)(6) Standards

As stated above, these Defendants file their motions to dismiss pursuant to Rule 12(b)(1) and (b)(6).

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

---

[4] Plaintiff additionally alleges that Defendant Stallings "[i]ntimidated Plaintiff[,] [w]ithheld evidence from a Grand Jury[,] [d]isplayed intimidation toward Plaintiff[,] . . . was recused from [the state-law criminal case against Plaintiff,] and . . . threatened, in open court, to try Plaintiff in [two] days without notice," but contends that these allegations constitute "abuse of process and malice in law." Pl.'s Compl. [1] ¶ 21. Therefore, the Court will analyze those allegations as pertaining to those claims, as the same do not represent stand-alone state-law claims.

4

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th

5

Cir. 2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This " 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.' " *Id.* at 860–61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *accord Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

### III. Analysis and Discussion

At the outset, the Court acknowledges that Plaintiff asserts his claims are against all Defendants in their official capacities. *See* Pl.'s Compl. [1] ¶¶ 68–69. However, because Plaintiff is proceeding *pro se*, the Court will liberally construe his complaint as asserting claims against Defendants in both their official and individual capacities.

#### A. Official-Capacity Claims

As stated, Plaintiff's claims against Defendants are explicitly asserted as official-capacity claims, that is, against Defendant Barbour in his office as former Governor; Defendant Hood in his office as Attorney General; Defendant Creekmore in his office as District Attorney of the

Third District; and Defendants Stallings, Ussery, and Mallette, as Assistant District Attorneys of the Third District.

### 1. Sovereign Immunity

"The Eleventh Amendment strips courts of jurisdiction over claims against a state that has not consented to suit." *Pierce v. Hearn Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). Sovereign immunity is a broad jurisdictional doctrine prohibiting suit against the government absent the government's consent. Sovereign immunity was assumed at common law, brought from England to the colonies, and existed prior to the ratification of the United States Constitution. Although the term "sovereign immunity" nowhere appears in the Constitution, the concept was perhaps woven into the very fabric of the document. Andrew Hamilton explained:

> It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. This is the general sense, and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every State in the Union.

The Federalist No. 81, at 511 (Alexander Hamilton) (Wright ed., 1961). At the Virginia ratifying convention, James Madison stated: "Jurisdiction in controversies between a state and citizens of another state is much objected to, and perhaps without reason. It is not in the power of any individuals to call any state into court." 3 Debates on the Federal Constitution 533 (J. Elliot 2d ed., 1854). At that same convention, John Marshall stated: "With respect to disputes between a state and the citizens of another state, its jurisdiction has been decried with unusual vehemence. I hope no gentleman will think that a state will be called at the bar of the federal court." 3 *id.*, at 555.

Despite the long-standing principle of sovereign immunity, in 1793, the United States Supreme Court held that a state could be sued by a citizen of another state or a foreign country. *See Chisolm v. Georgia*, 2 Dall. 419, 1 L. Ed. 440 (1793). But five years later, the states ratified the Eleventh Amendment, which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see* C. Jacobs, The Eleventh Amendment and Sovereign Immunity 64–75 (1972). The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.), *cert. denied*, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (citations omitted). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119–21, 104 S. Ct. 900.

State immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d

1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)); *Pennhurst*, 465 U.S. at 117, 104 S. Ct. 900.

There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress; (ii) waiver or consent to suit by the state; or (iii) the state's amenability to suit under the *Ex parte Young* doctrine. Although Plaintiff has not argued that any exception applies, because the Plaintiff is proceeding *pro se*, the Court will analyze his claims with respect to each possible exception to Eleventh Amendment immunity.

### (i) Abrogation

Abrogation, which is the first exception to Eleventh Amendment immunity, applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity via Section 5 of the Fourteenth Amendment. *Duncan v. Univ. of Tex. Health Sci. Ctr. at Houston*, 469 F. App'x 364, 366 (5th Cir. 2012) (per curiam) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)). There has been no abrogation of Section 1983 claims by Congress. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Furthermore, Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005). Accordingly, abrogation does not apply as an exception to Eleventh Amendment immunity on any of Plaintiff's claims against these Defendants in the case *sub judice*.

### *(ii) Waiver/Consent to Suit*

The second exception provides that sovereign immunity from suit is waiveable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman*, 415 U.S. at 673, 94 S. Ct. 1347; *Petty v. -Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed. 2d 804 (1959)). The Court will now examine waiver in the context of both the Section 1983 claims and state-law claims against these Defendants.

**Section 1983 Claims**

States (including arms of the state and state officers in their official capacities) are immune from suit on Section 1983 claims under the Eleventh Amendment, as states are not "persons" subject to liability under Section 1983. *Arizonans for Official English*, 520 U.S. at 69 & 69 n.24, 117 S. Ct. 1055; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Therefore, waiver does not apply as an exception on Plaintiff's Section 1983 claims against these Defendants.

**State-Law Claims**

The Court now examines whether Mississippi has waived or consented to be sued on any of the state law claims. The Mississippi Tort Claims Act ("MTCA") provides the exclusive remedy against a governmental entity or its employee. Miss. Code Ann. § 11-46-7(1). Thus, "[a]ny claim filed against a governmental entity and its employees (for monetary relief) must be brought under [the] statutory scheme" of the MTCA. *Stuckey v. Miss. Dep't of Trans.*, No. 3:07-cv-639-TSL-JCS, 2008 WL 1868421, at *2 (S.D. Miss. Apr. 24, 2008); *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234, 1236 (Miss. 1999).

Plaintiff seeks monetary relief on all state-law claims. Accordingly, Plaintiff's state-law claims against all Defendants for malicious prosecution, false arrest and imprisonment, abuse of process, and intentional infliction of emotional distress are subject to the MTCA. In addition, Plaintiff's allegations of malice in law against these Defendants, FOIA violation against Defendants Barbour and Hood, and failure to supervise against Defendants Hood and Creekmore are subject to the MTCA.

"Mississippi waives sovereign immunity for itself and its political subdivisions in § 11–46–5 of the Mississippi Code, but subjects this blanket waiver to numerous exceptions . . . ." *See Phillips ex rel. Phillips v. Monroe County, Miss.*, 311 F.3d 369, 375 (5th Cir. 2002). Waiver of the state's sovereign immunity is "strictly construed in favor of the holder of the right," and the Fifth Circuit has stated that " 'the [Mississippi Tort Claims Act ("MTCA")'s] exemptions to Mississippi's waiver should be liberally construed in favor of limiting liability.' " *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 306 (5th Cir. 2006) (quoting *In re Foust*, 310 F.3d 849, 864 (5th Cir. 2002) (citations omitted)). The MTCA waives Mississippi's sovereign immunity in "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss. Code. Ann. § 11-46-5(1). However, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2).

The law is well established that Mississippi retains its sovereign immunity with respect to claims for malicious prosecution. *See Porter v. Farris*, 328 F. App'x 286, 288 (5th Cir. 2009)

(per curiam); *Pardue v. Jackson County*, No. 1:14-CV-290-KS-MTP, 2016 WL 3024153, at *10 (S.D. Miss. May 25, 2016) (collecting cases). Therefore, waiver does not apply as an exception to Eleventh Amendment immunity on Plaintiff's malicious prosecution claim against these Defendants in their official capacities.

With regard to the other state-law claims against these Defendants in their official capacities, even assuming those claims fall within the MTCA, the same are nonetheless barred due to failure to comply with the pre-suit notice requirements of the MTCA.

"A party instigating a claim under the MTCA must file a notice of claim with the chief executive officer of the governmental entity ninety days before maintaining an action." *Kimball Glassco Residential Ctr., Inc. v. Shanks*, 64 So. 3d 941, 944 (Miss. 2011) (citing Miss. Code Ann. § 11–46–11(1)). These Defendants maintain in their motions that Plaintiff failed to file the required notice of claim ninety days prior to filing suit. As stated, Plaintiff did not file any responses to the motions to dismiss and thus did not address this argument. Therefore, the Court assumes that Plaintiff does not dispute that he failed to provide a notice of claim. The Mississippi Supreme Court "strictly applies the ninety-day requirement of Section 11-46-11(1)." *Gorton v. Rance*, 52 So. 3d 351, 358 (Miss. 2011). It "is a hard-edged, mandatory rule which the Court strictly enforces." *Id.*; *see also Lee v. Ishee*, 383 F. App'x 499, 501 (5th Cir. 2010) (per curiam). "[A]bsent compliance with the statute, [Mississippi's] immunity is intact." *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (Miss. 2010). Therefore, because Plaintiff did not comply with the pre-suit notice requirements of the MTCA, these Defendants are entitled to sovereign immunity on all claims falling within the purview of the MTCA.

For all of the foregoing reasons, Plaintiff's Section 1983 claims and state-law claims are barred by sovereign immunity and not subject to waiver, due to Plaintiff's failure to follow the MTCA's pre-suit notice requirements.

*(iii)* ***Ex parte Young Doctrine***

The third and final exception to Eleventh Amendment immunity is a state's amenability to suit under the *Ex parte Young* doctrine. To overcome Eleventh Amendment immunity, the plaintiff must bring an action grounded in federal law for monetary relief that is "ancillary" to injunctive relief against named state officials. *Edelman*, 415 U.S. at 667–68, 94 S. Ct. 1347.

Plaintiff's complaint requests "compensatory and incidental damages, including, but not limited to, his loss of liberty, livelihood, and ability to work and earn a living during his incarceration; [his] physical illness, extreme hypertension, and mental anguish during his incarceration; and his loss of business inventory that was stolen, destroyed, or otherwise taken from Plaintiff's possession during his incarceration." Pl.'s Compl. [1] ¶¶ 36, 41, 45, 70. Plaintiff specifically seeks $3 million in actual damages and $3 million in punitive damages. *Id.* at 17. Even the most liberal reading of Plaintiff's complaint does not reveal any claim for prospective relief to end a continuing violation of federal law as is required under *Ex parte Young*. Accordingly, all claims against these Defendants in their official capacities are barred by sovereign immunity.

### 2. MTCA's Statute of Limitations

Plaintiff's state-law claims (except malicious prosecution) against these Defendants in their official capacities are also barred by the statute of limitations set forth in the MTCA, that is, that all actions brought pursuant to the MTCA must be filed "within one (1) year next after the date of the tortious, wrongful[,] or otherwise actionable conduct on which the liability phase of

the action is based[.]" *See* Miss. Code Ann. § 11-46-11(3). Defendants correctly maintain that Plaintiff's state law claims within the purview of the MTCA accrued at the latest on January 6, 2016, one year after the last charge against Plaintiff was dismissed in state court. Plaintiff cannot rely on any tolling provisions of the MTCA because he did not comply with the MTCA's pre-suit notice requirements. Therefore, the one-year statute of limitations applies and bars all state law claims within the purview of the MTCA against these Defendants in their official capacities.

Specifically, a claim of false arrest accrues on the day of arrest. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217–1218 (Miss. 1990). The date of Plaintiff's arrest is not stated in the complaint. However, it is clear from the facts alleged that he was arrested at some point between April 25, 2008, the date Mr. Clark filed the Bad Check Affidavits, and May 14, 2009, the date Plaintiff was indicted on two counts of False Pretenses in the Circuit Court of Calhoun County. Plaintiff filed this lawsuit on January 15, 2016—almost seven years after the cause of action accrued. Therefore, his state-law false arrest claim is clearly barred by the applicable one-year statute of limitations.

Further, a claim for abuse of process "accrues at the termination of the acts which constitute the abuse complained of, and not from the completion of the action which the process issued . . . ." *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12cv229–TSL–MTP, 2013 WL 286365, at *9 (S.D. Miss. Jan. 24, 2013), *aff'd*, 554 F. App'x 279 (5th Cir. 2014) (citations and internal marks omitted). Additionally, a claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred. *Citifinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007). In support of these claims, Plaintiff alleges that Defendants collectively "aid[ed] and guid[ed] Mr. Clark[] in filing a false Bad Check Affidavit in the Justice Court of Calhoun County, Mississippi" in order to

"collect a civil debt from Plaintiff." Pl.'s Compl. [1] ¶¶ 43, 44, 47. The alleged act of aiding the filing of the Bad Check Affidavit occurred on or before April 25, 2008, the date the Bad Check Affidavit was filed. Because Plaintiff filed this lawsuit on January 15, 2016—almost eight years after the cause of action accrued—his claims for abuse of process and intentional infliction of emotional distress are clearly barred by the applicable one-year statute of limitations.

Additionally, with respect to Plaintiff's allegations that Defendants Barbour and Hood failed to respond to an FOIA request in 2010, *see* Pl.'s Compl. [1] ¶ 18, no such claim is recognized under Mississippi law or otherwise, because the FOIA does not apply to state officials. However, even to the extent such a claim could be considered one brought pursuant to the state law analogous to the FOIA, the Mississippi Public Records Act ("MPRA"), Miss. Code Ann. §§ 25-6-1, *et seq.*, the same is barred by the statute of limitations. Defendant Barbour maintains that if the letter addressed to Defendant Barbour attached to Plaintiff's complaint purportedly was mailed on September 20, 2010 to the Governor's Office, *see* [1-3], the Governor's Office would have had fourteen days to send a response, that is, October 4, 2010. *See* Miss. Code Ann. § 25-61-5. Any such claim would have accrued on or before October 7, 2010, allowing three days for service by mail. Therefore, as Defendant Barbour correctly states, any such claim expired at the very latest on October 6, 2013. In addition, Defendant Hood maintains that if the letter attached to Plaintiff's complaint addressed to Defendant Hood purportedly was mailed on August 30, 2010 to Defendant Hood's office, *see* [1-4], he had no duty to respond to it, but that the statute of limitations would also have run on any such claim against him in 2013. Because Plaintiff filed this lawsuit on January 15, 2016—three years after the statute of limitations expired—any such claims against Defendants Barbour and Hood are barred by the statute of limitations in the MTCA.

15

Finally, with respect to Plaintiff's allegations that these Defendants committed malice in law against Plaintiff, the same is also barred by the one-year statute of limitations, as the allegations pertaining to the same took place during the prosecution of Plaintiff with respect to the Bad Check Affidavit, which concluded at the latest on January 6, 2015, as indicated on the Order granting the motion to dismiss in the Circuit Court of Calhoun County, Mississippi. *See* [1-9] at 2. Because Plaintiff filed this lawsuit on January 15, 2016, any such claim is barred by the statute of limitations in the MTCA.

### B. Individual-Capacity Claims

As stated above, Plaintiff's complaint does not explicitly express any claims against Defendants in their individual capacities. However, the Court reviews *pro se* complaints with liberality and therefore construes the complaint as also asserting individual-capacity claims against these Defendants.

To the extent Plaintiff alleges any Section 1983 claim against these Defendants in their individual capacities, the same must be dismissed. These Defendants cannot be liable under Section 1983 absent some alleged personal involvement in the complaint or a causal connection between their conduct and the violation, as "subordinates' acts trigger no individual § 1983 liability." *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Clark v. Richards*, 26 F.3d 1118 (5th Cir. 1994).

With respect to Defendant Barbour, Plaintiff has not alleged any personal involvement aside from vague and conclusory allegations that he aided and guided Mr. Clark in filing the Bad Check Affidavit; signed the Governor's Warrant resulting in Plaintiff's arrest, incarceration, and extradition from Illinois to Mississippi; and did not respond to Plaintiff's FOIA request. These alleged acts do not rise to the level of a constitutional violation, nor has Plaintiff alleged any

causal connection between the alleged conduct and any constitutional violation committed by a subordinate. Defendant Barbour argues that he had no personal involvement with the filing of the Bad Check Affidavit, prosecution of the same, or extradition. Therefore, any Section 1983 claim against Defendant Barbour in his individual capacity must be dismissed for failure to state a claim. *See Davias v. Durio*, 82 F.3d 413 (5th Cir. 1995).

With respect to Defendant Hood, Plaintiff alleges no personal involvement except for the conclusory and vague allegations that all Defendants aided and guided Mr. Clark in filing the Bad Check Affidavit and that Defendant Hood "[f]ailed to supervise properly" Defendant Creekmore, as district attorney; as well as Defendants Stallings, Ussery, and Mallette, as assistant district attorney. Pl.'s Compl. [1] ¶ 19. These allegations alone do not make out a cognizable Section 1983 claim against Defendant Hood, as Plaintiff has failed to allege that Defendant Hood had personal involvement in a constitutional violation or that any causal connection exists between the alleged conduct and any constitutional violation committed by a subordinate. Defendant Hood argues that he had no personal involvement with the filing of the Bad Check Affidavit, prosecution of the same, or extradition. He further argues that had no direct supervisory responsibility over how local district attorneys initiate or pursue criminal prosecutions within their districts. Therefore, any Section 1983 claim against Defendant Hood in his individual capacity must be dismissed for failure to state a claim.

Furthermore, any Section 1983 claims against Defendants Hood, Creekmore, Stallings, Honey Ussery, and Mickey Mallette are barred by absolute immunity. The Fifth Circuit has held that the state Attorney General, as well as district attorneys and assistant district attorneys, are entitled to "absolute immunity from personal liability for damages under [S]ection 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately

associated with the judicial phase of the criminal process.' " *See Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997); *see also Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) (per curiam) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994)). In addition, any role they play in the extradition process is a "quasi-judicial function entitling [them] to absolute immunity." *See Collins v. New Orleans Police Dep't*, 247 F.3d 240, 2001 WL 43536, at *1 (5th Cir. 2001) (per curiam) (citing *Collins v. Moore*, 441 F.2d 550, 551 (5th Cir. 1971)). Furthermore, this absolute immunity is not stripped even if they "acted maliciously or in excess of [their] authority." *See id.* (citing *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999)). As Defendants argue, Plaintiff has not identified any alleged acts or omissions that could fall outside the scope of these Defendants' prosecutorial functions. Accordingly, to the extent Plaintiff has asserted Section 1983 individual-capacity claims against Defendants Hood, Creekmore, Stallings, Ussery, and Mallette, the same are barred by absolute immunity.

Further, to the extent Plaintiff has attempted to allege a Section 1983 claim pursuant to 18 U.S.C. § 3182, the same must be dismissed, as Plaintiff has not alleged facts supporting that a constitutional violation occurred when he was arrested, incarcerated, and extradited from Illinois to Mississippi. *See Ellis v. Hargrove*, 75 F. App'x 229, 230 (5th Cir. 2003) (per curiam) (citing U.S. Const. Art. IV, § 2, cl. 2; 18 U.S.C. § 3182; Miss. Code Ann. §§ 99-21-1 to 99-21-11).[5]

To the extent Plaintiff asserts a malicious prosecution claim against these Defendants in their individual capacities, the same falls within the purview of the MTCA, is subject to the one-

---

[5] Even if Plaintiff's complaint could be construed to assert an unlawful extradition claim under Mississippi Code §§ 99-21-1 to -11, the same does not survive the Rule 12(b)(6) inquiry, as no alleged facts suggest that Mississippi officials did not have legal authority for the extradition or that they did not comply with the statutory procedures. *See Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987).

year statute of limitations contained therein, and is barred for the reasons stated above. *See Porter v. Farris*, 328 F. App'x 286, 288 (5th Cir. 2009) (per curiam).

To the extent Plaintiff asserts any other state-law tort claims against these Defendants in their individual capacities, the same fall within the purview of the MTCA, are subject to its one-year statute of limitations, and are also barred for the reasons stated above.

### *IV. Conclusion*

In sum, the motions to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure filed by Defendant Haley Barbour [14 & 16]; Defendant Jim Hood [18 & 20]; and Defendants Ben Creekmore, Mickey Mallette, Lon Stallings, and Honey Ussery [22 & 24] shall be GRANTED, and Plaintiff's claims against Defendants Haley Barbour, Jim Hood, Ben Creekmore, Lon Stallings, Honey Ussery, and Mickey Mallette shall be DISMISSED WITHOUT PREJUDICE. *See Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982).

The claims against Defendants the Calhoun County, Mississippi Sheriff's Office, Dewayne Winter, and Tracy McGuirt are unaffected by this ruling and shall remain pending.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of January, 2017.

_____
SENIOR U.S. DISTRICT JUDGE